**Daniel Snyder, OSB No. 783856**
dansnyder@lawofficeofdanielsnyder.com
**Carl Post, OSB No. 061058**
carlpost@lawofficeofdanielsnyder.com
**John Burgess, OSB No. 106498**
johnburgess@lawofficeofdanielsnyder.com
**LAW OFFICES OF DANIEL SNYDER**
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
Telephone: (503) 241-3617
Facsimile: (503) 241-2249

Of Attorneys for the plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **TERRI GIRT**, | Case No. 3:17-cv-165 |
| Plaintiff, | **COMPLAINT** |
| v. | UNLAWFUL EMPLOYMENT ACTION |
| | FMLA and supplemental state law claims |
| **OREGON EYE SPECIALISTS, P.C.**, | **JURY TRIAL DEMANDED** |
| Defendants. | |

## I. PRELIMINARY STATEMENT

1. This action is an action for damages and equitable relief, including compensatory damages, back pay, front pay, and attorneys' fees and costs, to redress violation of the Family and Medical Leave Act, 42 U.S.C. §2000e *et seq*. as well as supplementary state law claims.

PAGE 1 –COMPLAINT

## II. JURISDICTION

2.  Jurisdiction is conferred upon this Court by 28 U.S.C. §1331, federal question jurisdiction, and 28 U.S.C. §1343, civil rights jurisdiction.

3.  Plaintiff requests this Court invoke its supplemental jurisdiction pursuant to 28 U.S.C. § 1367 with respect to all causes of action based on Oregon statutory provisions or common law as the state claims arise from the same nucleus of operative facts as the federal claims.

4.  Venue is in the District of Oregon pursuant to 28 U.S.C. §1391(b) because the claim arose in this Judicial District.

## III. PARTIES

5.  Plaintiff, Terri Girt (Plaintiff), is a citizen of the United States.

6.  Defendant Oregon Eye Specialists, P.C. (defendant) is an Oregon domestic profession corporation, registered to do business in Oregon. Defendant does regular and sustained business in Oregon, including Multnomah County, Oregon. Defendant has an office in Portland, Oregon, where Plaintiff was employed.

7.  Plaintiff worked for defendant in Multnomah County, Oregon.

8.  At all times relevant, defendant's employees and supervisors as their conduct is alleged herein were acting within the course and scope of their employment with the defendant.

## IV. GENERAL FACTUAL ALLEGATIONS

9.  In 1996, Plaintiff was diagnosed with diabetes. Plaintiff continues to suffer from diabetes.

10. On July 1, 2014, Plaintiff began working as Business Office Manager for defendant.

11. Plaintiff's supervisor was Zilda Heusinkveld.

PAGE 2 –COMPLAINT

12. In 2014, Plaintiff told Ms. Heusinkveld that she had diabetes.

13. Around November 2015, Plaintiff told Brenda Hoff, defendant's HR Coordinator, and Sarah Lougheed, defendant's Administrator, that she had diabetes and was having some issues going through some medication changes. Plaintiff relayed that she was having headaches, nausea, some memory issues, and not feeling well.

14. In November 2015, Ms. Heusinkveld became defendant's Chief Financial Officer.

15. On or about February 26, 2016, Plaintiff notified defendant that she was sick and needed time off work.

16. In March 2016, Plaintiff began experiencing increased complications due to her diabetes and subsequently missed some work as a result over the next few months. Plaintiff notified Ms. Heusinkveld, Ms. Hoff, and Ms. Lougheed that her diabetes was interfering with her work and ability to keep up with the increased work load/stress over the last few months and that she was continuing to change her diabetes medication to eliminate the complications she was having.

17. On or about March 30, 2016, Plaintiff notified defendant that she needed time off work due to her headaches.  On March 31, 2016, Plaintiff notified defendant that she was still not feeling well and needed another day off work.

18. On or about April 18, 2016, Plaintiff notified defendant that she needed time off work due to her headaches and to go to the doctor.

19. On or about May 12, 2016, Plaintiff notified defendant that she needed time off work because she was sick.

20. On or about June 2, 2016, Plaintiff notified defendant that she needed time off work because of her diabetes.

PAGE 3 –COMPLAINT

21. On Friday June 24, 2016, Plaintiff's complications relating to her diabetes and resulting stress and anxiety reached a point where Plaintiff needed to take time off work to seek medical treatment. Plaintiff approached Ms. Heusinkveld in the hallway to inform her of the need for time off work. Plaintiff said "I need to talk to you" in an effort to request time off the following week to see a doctor but Ms. Heusinkveld walked away and would not talk to her.

22. Because Ms. Heusinkveld refused to talk to Plaintiff, Plaintiff then called Ms. Hoff and told her that she tried to talk Ms. Heusinkveld about taking time off work the following week and that Ms. Heusinkveld would not talk to her. Ms. Hoff then said that she was on PTO and Ms. Lougheed was out in the field and whatever Plaintiff needed would have to wait until Monday. Plaintiff said she really needed to resolve this that day. Ms. Hoff again said she was on PTO and it would have to wait. Ms. Hoff then said goodbye and the conversation ended.

23. On June 25, 2016, Plaintiff sent an e-mail to Ms. Hoff and Ms. Lougheed, letting them know that she needed time off work the following week. Plaintiff did not receive a response.

24. On June 26, 2016, Plaintiff sent a second email requesting time off the following week. After sending the second request, Plaintiff received an e-mail back from Ms. Hoff asking if there were any urgent work items that they needed to be aware of and take care of while Plaintiff was off work the following week.

25. On Monday June 27, 2016, Plaintiff saw Dr. Huey Meeker for her medical conditions. Dr. Meeker took Plaintiff off of work due to Plaintiff's medical conditions, which required ongoing treatment. After seeing Dr. Huey Meeker, Plaintiff called Ms. Hoff and told her that Dr. Meeker took Plaintiff off work and asked her what she needed to do. Ms. Hoff said she would email Plaintiff medical leave forms. Plaintiff said she was still at the doctor's office and

PAGE 4 – COMPLAINT

she could pick the forms up on the way home. Ms. Hoff said that was fine and Plaintiff picked the medical leave forms up that day.

26. On June 28, 2016, Plaintiff began treating with a licensed professional counselor to help cope with her stress and anxiety.

27. Plaintiff was off work from June 27, 2016 through July 31, 2016 due to Plaintiff's own serious health condition.

28. Defendant approved Plaintiff's FMLA/OFLA leave from June 27, 2016 through July 31, 2016.

29. Plaintiff applied for short term disability benefits through Unum, defendant's benefits provider, which was approved through July 31, 2016.

30. Plaintiff returned to work on August 1, 2016 and was disciplined for taking time off work that qualified as protected FMLA, OFLA, and sick leave.

31. On August 12, 2016, Plaintiff met with Ms. Hoff and Ms. Heusinkveld. Plaintiff was asked to resign her employment with Defendant. Ms. Heusinkveld said she was very worried about Plaintiff because of Plaintiff's health issues this last year. Ms. Heusinkveld said she was afraid Plaintiff was going to have a heart attack if Plaintiff continued down this path. Ms. Heusinkveld said Plaintiff had been out for seven weeks and Plaintiff was no better. Plaintiff said she was not going to resign. Ms. Heusinkveld said she was done with Plaintiff. Ms. Heusinkveld then told Plaintiff that her employment was terminated.

32. On August 12, 2016, Plaintiff was given a letter that said Plaintiff's "employment with OES is hereby terminated without specific cause effective immediately."

///

///

PAGE 5 – COMPLAINT

## FIRST CLAIM FOR RELIEF

(Family and Medical Leave Act of 1993 - 29 U.S.C. § 2601 et seq.)

33.     Plaintiff realleges all relevant paragraphs.

34.     At all times material, Defendant was engaged in commerce or in any industry or activity affecting commerce.

35.     Defendant employed at least 50 employees, within 75 miles of the worksite where Plaintiff performed work for defendant, for each working day during each of 20 or more calendar work weeks in 2015 or 2016.

36.     Plaintiff was employed by defendant for at least 1,250 hours of service during the 12-month period immediately preceding taking time off work for reasons that qualified for medical leave.

37.     Plaintiff was employed by defendant for more than 12 months prior to taking time off work for reasons that qualified for medical leave.

38.     Plaintiff took time off work for an illness, injury, impairment, or physical or mental condition involving continuing treatment by a health care provider.

39.     Plaintiff took medical leave protected by the Family Medical Leave Act (FMLA).

40.     Defendant interfered, discriminated and retaliated against Plaintiff for engaging in the protected activity of taking leave under FMLA.

41.     As a result of defendant's interference, discrimination and retaliation against Plaintiff, Plaintiff suffered and continues to suffer economic losses, emotional distress, and other nonpecuniary losses.

///

PAGE 6 –COMPLAINT

Law Offices of Daniel Snyder
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

42. Plaintiff is entitled to equitable relief, including but not limited to, a declaration that Defendant violated Plaintiff's statutory rights, reinstatement, and an injunction prohibiting further discrimination and retaliation.

43. Defendant's acts were willful and malicious and done with reckless indifference to Plaintiff's protected rights.  Defendants should be assessed punitive damages in an amount as fixed by a jury to punish defendant and to deter such conduct in the future.

44. The court should enter an order declaring that defendant violated the FMLA.

45. To the extent any amount awarded to Plaintiff is for damages occurring prior to the entry of judgment, Plaintiff is entitled to an award of prejudgment interest at the legal rate from the date the damage occurred until the date of judgment.

46. Plaintiff is entitled to an award of liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A).

47. Pursuant to 29 U.S.C. § 2617(a)(3), Plaintiff is entitled to an award of attorney's fees, expert fees, and costs incurred herein.

48. Plaintiff is entitled to post judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.

## SECOND CLAIM FOR RELIEF

(Oregon Family Leave Act - ORS 659A.150 et. seq.)

49. Plaintiff realleges all relevant paragraphs.

50. Defendant employed 25 or more persons in the State of Oregon for each working day during each of 20 or more calendar workweeks in the year 2015.

51. Defendant employed 25 or more persons in the State of Oregon for each working day during each of 20 or more calendar workweeks in the year 2016.

PAGE 7 –COMPLAINT

Law Offices of Daniel Snyder
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

52. Immediately prior to commencing family leave in 2016, Plaintiff worked for defendant for more than 180 days.

53. Plaintiff worked an average of more than 25 hours per week for defendant during the 180 days immediately preceding the date on which Plaintiff commenced family leave.

54. Plaintiff took time off work for reasons that qualified for leave under the Oregon Family Leave Act.

55. Defendant interfered, discriminated and retaliated against Plaintiff for taking medical leave.

56. As a result of defendant's interference, discrimination and retaliation against Plaintiff, Plaintiff suffered and continues to suffer economic losses, emotional distress, and other nonpecuniary losses.

57. Plaintiff is entitled to equitable relief, including but not limited to, a declaration that Defendant violated Plaintiff's statutory rights, reinstatement, and an injunction prohibiting further discrimination and retaliation.

58. Pursuant to 659A.885, Plaintiff is entitled to recover back pay.

59. Defendant's acts were willful and malicious and done with reckless indifference to Plaintiff's protected rights. Defendants should be assessed punitive damages in an amount as fixed by a jury to punish defendant and to deter such conduct in the future.

60. The court should enter an order declaring that defendant violated the OFLA.

61. To the extent any amount awarded to Plaintiff is for damages occurring prior to the entry of judgment, Plaintiff is entitled to an award of prejudgment interest at the legal rate from the date the damage occurred until the date of judgment.

Law Offices of Daniel Snyder
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

62.     Pursuant to ORS 659A.885(1) and ORS 20.107, Plaintiff is entitled to recover Plaintiff's reasonable attorney fees and costs, including expert witness fees.

63.     Plaintiff is entitled to post judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.

### THIRD CLAIM FOR RELIEF

(ORS 653.641 – Sick leave)

64.     Plaintiff realleges all relevant paragraphs.

65.     Plaintiff used sick leave Plaintiff accrued and was entitled to under ORS 653.606 and 653.616.

66.     In violation of ORS 653.641, Defendant interfered with Plaintiff's use of sick leave and retaliated and discriminated against Plaintiff for using sick leave.

67.     Plaintiff is entitled to equitable relief, including but not limited to, a declaration that Defendant violated Plaintiff's statutory rights, reinstatement, and an injunction prohibiting further discrimination and retaliation.

68.     As a result of defendant's interference, discrimination and retaliation against Plaintiff, Plaintiff suffered and continues to suffer economic losses, emotional distress, and other nonpecuniary losses.

69.     Pursuant to 659A.885, Plaintiff is entitled to recover back pay.

70.     Defendant's acts were willful and malicious and done with reckless indifference to Plaintiff's protected rights.  Defendants should be assessed punitive damages in an amount as fixed by a jury to punish defendant and to deter such conduct in the future.

71.     The court should enter an order declaring that defendant violated ORS 653.641.

Law Offices of Daniel Snyder
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

72. To the extent any amount awarded to Plaintiff is for damages occurring prior to the entry of judgment, Plaintiff is entitled to an award of prejudgment interest at the legal rate from the date the damage occurred until the date of judgment.

73. Pursuant to ORS Chapter 659A and ORS 20.107, Plaintiff is entitled to recover Plaintiff's reasonable attorney fees and costs, including expert witness fees.

74. Plaintiff is entitled to post judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.

## FOURTH CLAIM FOR RELIEF

(Wrongful Termination)

75. Plaintiff realleges all relevant paragraphs.

76. Defendant terminated Plaintiff's employment because Plaintiff invoked, utilized, or inquired about her right to FMLA and OFLA leave.

77. Plaintiff's remedies under state and federal law do not constitute an adequate remedy for the damage Defendant has inflicted.

78. As a result of the wrongful discharge, Plaintiff suffered economic and non-economic damages.

79. Plaintiff is entitled to an award for past lost wages and benefits and future lost earnings, benefits, and lost earning capacity, and other compensatory damages for past and future pecuniary losses. Plaintiff should be awarded economic damages in an amount determined fair by a jury.

80. Plaintiff is entitled to non-economic damages sufficient to compensate Plaintiff for emotional distress and other nonpecuniary losses in an amount to be proved at trial. Plaintiff should be awarded non-economic damages in an amount determined fair by a jury.

PAGE 10 – COMPLAINT

Law Offices of Daniel Snyder
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

81.     Defendant's acts were willful and malicious and done with reckless indifference to Plaintiff's protected rights.  Defendants should be assessed punitive damages in an amount as fixed by a jury to punish defendant and to deter such conduct in the future.

82.     To the extent any amount awarded to Plaintiff is for damages occurring prior to the entry of judgment, Plaintiff is entitled to an award of prejudgment interest at the legal rate from the date the damage occurred until the date of judgment.

83.     Pursuant to ORS 20.107, Plaintiff is entitled to an award of attorney fees and expert witness fees.

84.     Plaintiff is entitled to post judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.

## FIFTH CLAIM FOR RELIEF

(ORS 659A.103 et seq. - Oregon Rehabilitation Act)

85.     Plaintiff realleges all relevant paragraphs.

86.     Plaintiff is a 'disabled person' as defined at ORS 659A.104(1).

87.     Defendant is an 'employer' as defined at ORS 659A.106.

88.     Plaintiff could perform the essential functions of Plaintiff's job with defendant with or without reasonable accommodations.

89.     Defendant discriminated against Plaintiff because of Plaintiff's disability and retaliated against Plaintiff taking time off work due to her disability.

90.     Defendant failed to engage in the interactive process with Plaintiff.

91.     Defendant's refusal to provide reasonable accommodations for Plaintiff's known disability constitutes discrimination against Plaintiff due to Plaintiff's disability pursuant to ORS 659A.103 et seq.

PAGE 11 –COMPLAINT

92.   Plaintiff is entitled to equitable relief, including but not limited to, a declaration that Defendant violated Plaintiff's statutory rights, reinstatement, and an injunction prohibiting further discrimination and retaliation.

93.   Plaintiff is entitled to an award for past lost wages and benefits and future lost earnings, benefits, and lost earning capacity, and other compensatory damages for past and future pecuniary losses. Plaintiff should be awarded economic damages in an amount determined fair by a jury.

94.   Plaintiff is entitled to non-economic damages sufficient to compensate Plaintiff for emotional distress and other nonpecuniary losses in an amount to be proved at trial. Plaintiff should be awarded non-economic damages in an amount determined fair by a jury.

95.   Defendant's acts were willful and malicious and done with reckless indifference to Plaintiff's protected rights.  Defendants should be assessed punitive damages in an amount as fixed by a jury to punish defendant and to deter such conduct in the future.

96.   The court should enter an order declaring that defendant violated the Oregon Rehabilitation Act.

97.   To the extent any amount awarded to Plaintiff is for damages occurring prior to the entry of judgment, Plaintiff is entitled to an award of prejudgment interest at the legal rate from the date the damage occurred until the date of judgment.

98.   Pursuant to ORS Chapter 659A and ORS 20.107, Plaintiff is entitled to recover Plaintiff's reasonable attorney fees and costs, including expert witness fees.

99.   Plaintiff is entitled to post judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.

///

PAGE 12 –COMPLAINT

## PRAYER FOR RELIEF

Plaintiff prays for the following judgment against defendant:

1. A sum which will fully compensate Plaintiff for Plaintiff's non-economic damages in a sum that is just as determined by a jury;

2. A sum which will fully compensate Plaintiff for Plaintiff's economic damages in a sum that is just as determined by a jury;

3. Equitable relief, including but not limited to, reinstatement if Plaintiff so chooses;

4. Liquidated damages;

5. Plaintiff's costs and disbursements incurred herein;

6. Plaintiff's attorney fees; and

7. For such other and further relief as the Court may deem just and equitable.

**Plaintiff demands a trial by Jury.**

Dated: January 30, 2017

**Law Offices of Daniel Snyder**

/s/ Carl Post
Daniel Snyder, OSB No. 783856
dansnyder@lawofficeofdanielsnyder.com
Carl Post, OSB No. 061058
carlpost@lawofficeofdanielsnyder.com
John Burgess, OSB No. 106498
johnburgess@lawofficeofdanielsnyder.com
Telephone: (503) 241-3617
Facsimile: (503) 241-2249
Of Attorneys for Plaintiff

PAGE 13 –COMPLAINT

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249